# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KARA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, KARA HARRIS ("Plaintiff"), through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, NATIONAL CREDIT SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Georgia Fair Business Practices Act, GA. CODE, T. 10, Ch. 1, Art. 15, Pt. 2 ("GFBPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 15

U.S.C. § 1692k (FDCPA).

4. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Smyrna, Cobb County, State of Georgia.

7. Plaintiff is a consumer as that term is defined by the FDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA.

10. Within the past year of Plaintiff filing this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in the City of Atlanta, Fulton County, State of Georgia.

12. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with The Eddy at Riverview Landing Apts.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around June 2020, Defendant began placing collection calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-0736, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from various telephone numbers including 470-592-0210, which is one of Defendant's telephone numbers.

22. Plaintiff does not owe the alleged debt that Defendant seeks to collect.

23. In or around June 2020, Plaintiff answered Defendant's collection call and spoke with Defendant's male collector, Mr. Haynes.

24. During the conversation:

    a. Plaintiff orally disputed owing the alleged debt.

    b. Plaintiff informed Mr. Haynes that she never resided at the apartment complex where the alleged debt accrued.

    c. Plaintiff requested for Defendant to stop calling her.

25. Following the conversation, Defendant continued to place collection calls to Plaintiff's telephone unabated.

26. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

27. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

28. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with

the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff orally disputing owing the alleged debt and Plaintiff's request for Defendant to stop calling her and when Defendant attempted to collect a debt from Plaintiff that she does not owe;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff orally disputing owing the alleged debt and Plaintiff's request for Defendant to stop calling her and when Defendant attempted to collect a debt from Plaintiff that she does not owe;

e. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the debt;

f. Defendant violated § 1692g(b) of the FDCPA by engaging in

    collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to relentlessly attempt to collect the alleged debt from Plaintiff despite Plaintiff orally disputing owing the alleged debt; and

    g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, KARA HARRIS, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT SYSTEMS, INC., for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE GEORGIA FAIR BUSINESS PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's

Complaint.

35. When Defendant engaged in the foregoing misconduct, it committed an unfair or deceptive act.

36. Defendant's unfair or deceptive acts or practices as to Plaintiff has an impact upon the public interest in the State of Georgia.

37. Defendant's above-referenced conduct affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, and emotional distress.

WHEREFORE, Plaintiff, KARA HARRIS, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT SYSTEMS, INC., for the following:

38. Actual damages pursuant to GA. CODE § 10-1-399(a);

39. Attorneys' fees and costs pursuant to GA. CODE § 10-1-399(d); and

40. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 5, 2021          By: /s/Shireen Hormozdi _____
                                               Shireen Hormozdi
                                               SBN: 366987
                                               Hormozdi Law Firm, LLC
                                               1770 Indian Trail Lilburn Road, Suite 175
                                               Norcross, GA 30093
                                               Tel: 678-395-7795
                                               Fax: 866-929-2434
                                               shireen@agrusslawfirm.com
                                               shireen@norcrosslawfirm.com
                                               Attorney for Plaintiff